IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| DEREK J. SCHADE | : | NO. 07-555 |

## MEMORANDUM

**Baylson, J.**                                                                                          **May 22, 2008**

      This Memorandum will record the reasons for the Court's rulings on objections to the Presentence Report which were adjudicated at a sentencing hearing on April 10, 2007.

      As to the first objection by the Defendant, regarding the addition of two levels for obstruction of justice (¶ 34 of the Presentence Report, citing U.S.S.G. 3C1.1), the Court is unprepared to make specific findings that Mr. Schade committed perjury. His testimony at trial related principally to his own mental state and intent, and he insisted that he did not intend to download or observe images of child pornography. There was substantial evidence produced by the government which allowed the jury to find otherwise, and by their guilty verdict, the jury found that the government's evidence was sufficient to prove Mr. Schade guilty beyond a reasonable doubt. Although this implicitly rejected Mr. Schade's testimony, a juror does not have to find an individual committed perjury in order to find that the individual is not credible.

      The Court also believes that adding additional levels as part of sentence enhancement if a defendant is not credible in cases where the defendant's subjective intent is a key element would act as a chilling effect on defendants taking the stand to testify in their own defense. The Court is

unwilling to make such a ruling.

The second objection relates to the addition of five levels because the Defendant viewed more than 600 images (¶ 31 of the Presentence Report). As the Court stated in some detail on the record, the legislative history and the provisions of the Protect Act of 2003 (Pub. L. No. 108-21, 117 Stat. 650, codified in various sections of the U.S.C., including 18 U.S.C. § 2251 et al.), document Congress' determination that criminal violations of the laws prohibiting possession and transportation of child pornography required additional Guideline levels, as a result of which the Sentencing Commission added the provisions to U.S. Sentencing Guideline 2G2.2. The purpose of the Protect Act of 2003 was to "restore the government's ability to prosecute child pornography offenses successfully." Sen. Rep. No. 108-2 at 1(2003). To achieve this result, the Protect Act implemented many changes to the existing law, including an amendment to U.S. Sentencing Guideline 2G2.2 to provide for specified offense level increases if the offense involved specified numbers of images. See Pub. L. No. 108-21, Section 401(i). This amendment was a direct result of Congress' concern about overly lenient sentencing of child pornography defendants. See H.R. Rep. No. 108-66 at 693 (2003). Given the number of images the Defendant viewed and Congress' clear intent to enhance the offense level by five when offenses involve more than 600 images, this Court concluded that Defendant Schade's relevant conduct, as shown by the evidence at trial, warranted the five-level enhancement.

The third objection was to the specific offense characteristic (¶ 28 of the Presentence Report) that the Court felt was double counting under the Guidelines in that this conduct formed part of the base offense level (see ¶ 26).

As a result of these rulings, the offense level was reduced from level 39, as shown in the

original Presentence Report, to level 35.  In view of the Congressional findings in the Protect Act and because the Court did not find any of the 18 U.S.C. § 3553 factors warranted a sentence below the Guidelines range, the Court imposed a sentence at the lower end of the applicable Guidelines.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Criminal Cases\07-555 Schade, US v\Schade 07-555 - Memo objs PSR.wpd